IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


JAMES R MCDONOUGH,
MILTON R MURRAH,

    Petitioners,
v.                                          CASE NO. 5:03-cv-00140-MP-EMT

JAMES V CROSBY, JR,

    Respondent.
_____/

**O R D E R**

This matter is before the Court on Doc. 30, the Report and Recommendation of the Magistrate Judge, recommending that Doc. 1, Petition for Writ of Habeas Corpus filed by Petitioner pursuant to 28 U.S.C.§ 2254 be denied.  The Petitioner filed Objections, Doc. 31, which the Court has reviewed.

Petitioner was found guilty in state court of two counts of lewd and lascivious conduct and two counts of capital sexual battery based on his sexual abuse of his minor daughters. Petitioner's conviction was affirmed without opinion on May 21, 1998.  On March 1, 1999, Petitioner filed a motion for post-conviction relief in the state trial court requesting an evidentiary hearing based on a videotape in which the victims apparently recanted their testimony.  After the state court conducted a thorough and lengthy analysis of the videotape this motion was dismissed and no evidentiary hearing was conducted.  On appeal the First District Court of Appeal remanded because the trail court failed to attach the videotape to the opinion, and thus the appellate court could not review the evidence.  However, after the trial court filed an amended order denying Petitioner's motion and attached the videotape and a copy of the trial

testimony, the First District Court of Appeal affirmed the trial court's order on February 10, 2003. Petitioner's motion for rehearing was denied, and he then filed this Petition.

Petitioner alleges that the newly discovered evidence in the form of a videotaped recantation of the witnesses' testimony was not available at trial, establishes his actual innocence, and establishes that his conviction was obtained in violation of his Fourteenth Amendment due process rights. He also claims that the state prosecutor knowingly used perjured testimony at his trial, and that the State withheld knowledge of the victim's recantation from the defense at trial violating his Fourteenth Amendment due process rights.

Respondents contend that the petition should be dismissed because (1) Petitioner failed to raise his constitutional claims at state court and thus, has failed to exhaust his state remedies and these claims are procedurally barred, (2) claims of actual innocence based on newly discovered evidence are not grounds for federal habeas relief absent an accompanying constitutional violation - a violation Petitioner is procedurally barred from bringing here, and (3) the state court ruling was a reasonable application of clearly established federal law.

In the Order and Report and Recommendation (Doc. 30), Magistrate Judge Timothy found (1) the videotaped recantation did not bear sufficient indicia of reliability to support a credible claim of actual innocence, (2) Petitioner defaulted by failing to exhaust his state court remedies with respect to his claims that the State withheld evidence from the defense and knowingly presented false testimony, and (3) to the extent Petitioner asserted a claim of actual innocence independent of any claim of constitutional error that occurred at his trial, he failed to state a cognizable claim.

If Petitioner's claims are procedurally barred for failure to raise his constitutional claims

in state court, then to overcome this default he must show a miscarriage of justice through actual innocence - that it is more likely than not that no reasonable juror would have convicted him. Schlup v. Delo, 513 U.S. 298 (1995).  Likewise, for Petitioner to establish the need for a new trial based upon newly discovered evidence, he must show that this evidence will probably produce an acquittal.  Fed. R. Crim. P. 33.  Thus, the thrust of the Court's focus is on the trial court's assessment of the videotaped recantation.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a writ of habeas corpus may not be issued with respect to any claim adjudicated on the merits in a state court unless the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  28 U.S.C.§ 2254(d)(1).  A state court decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently on a set of materially indistinguishable facts.  Penry v. Johnson, 532 U.S. 782 (2001).  A state court decision is an unreasonable application of federal law if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case.  Id.  "Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable."  Id.  In sum, the AEDPA bars a federal habeas court from granting relief unless the state court decision involves either: (1) application of an incorrect legal standard or principle; or (2) an objectively unreasonable application of the correct legal standard or principle.  Id.

Under Federal Rule of Criminal Procedure 33 a court may grant a trial based upon newly discovered evidence. Fed. R. Crim. P. 33. According to the Eleventh Circuit:

> The four prerequisites necessary to prevail on a motion for new trial based on newly discovered evidence are: (1) the evidence must be newly discovered and have been unknown to the defendant at the time of trial; (2) the evidence must be material, and not merely cumulative or impeaching; (3) the evidence must be such that it will probably produce an acquittal; and (4) the failure to learn of such evidence must be due to no lack of diligence on the part of the defendant.

United States v. Santiago, 837 F.2d 1545, 1550 (11th Cir. 1988); see also Lynn v. United States, 365 F.3d 1225 (11th Cir. 2004)("motions for a new trial are highly disfavored, and . . . courts should use great caution in granting a new trial motion based on newly discovered evidence."). The Defendant bears the burden of justifying a new trial. United States v. DiBernardo, 880 F.2d 1216, 1224 (1989). Further, a motion for a new trial is entrusted to the sound discretion of the trial judge and will only be reversed when the ruling is so clearly erroneous as to constitute an abuse of discretion. United States v. Johnson, 713 F.2d 654, 661 (11th Cir. 1983).

Here, the first, second, and fourth prongs are not at issue, and the relevant question is whether the newly discovered evidence will probably produce an acquittal. In ruling on a motion for new trial based upon newly discovered evidence, it is within the province of the trial court to consider the credibility of those individuals who give statements in support of the motion. United States v. Reed, 887 F.2d 1398 (11th Cir. 1989). Notably, recantations are viewed with extreme suspicion by the courts. Santiago, 837 F.2d at 1550.

The trial court assessed the veracity of the videotape and found the credibility of the recantation questionable because it was conducted by a family friend and in the presence of the victims' older brother and sister-in-law; the interview contained very suggestive and leading

questions; the interviewer was very sympathetic to the Defendant; the tape was stopped during recording on at least two occasions; and the testimony seemed very rehearsed or staged. Based on these indicia of unreliability, there is competent substantial evidence to support the trial court's finding that the recantation lacked credibility.

Further, the court found that even if the statements made in the video were true, the weight of the remaining evidence would not likely result in acquittal. The State's evidence consisted of the victims' testimony as well as statements they had made before trial. The State also presented medical testimony demonstrating that the condition of the girls' vaginas was consistent with repeated penetration; evidence that the girls suffered from post-traumatic shock and that they had been sexually abused; statements made by the girls to the foster mother who cared for them after they were taken from their father; statements made by the nurse practitioner who examined the girls; statements of the girls themselves; statements from the doctor who examined the girls; and testimony from the girls' psychologist who explained their previous recantations.

Based on the nature and abundance of evidence against the Defendant, there is competent substantial evidence to support the trial court's finding that the recantation lacked credibility and that even if the statements made in the video were true, the weight of the remaining evidence would not likely result in acquittal. Accordingly, the trial judge did not abuse his discretion when he denied the Defendant's motion for a new trial, the trial court's decision was neither contrary

to nor involved an unreasonable application of federal law.  Thus, this Court is barred from granting habeas relief.  See 28 U.S.C.§ 2254(d)(1).  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. This action is DISMISSED, and the clerk is directed to close the file.

**DONE AND ORDERED** this  *19th*   day of March, 2007

        *s/Maurice M. Paul*
        Maurice M. Paul, Senior District Judge